IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**DONALD CARL STOUT,**

    **Plaintiff,**

v.                                                **Civ. Action No. 1:19-CV-123**
                                                                      **(Kleeh)**

**PRESTON COUNTY SHERIFF'S DEPARTMENT,
SHERIFF DANIEL LOUGHRIE, DEPUTY RANDY
STOCKETT, AND OFFICER OKAN,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 46]
AND OVERRULING OBJECTIONS [ECF NO. 48]**

On June 14, 2019, the pro se Plaintiff, Donald Carl Stout ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges, among other things, that the defendants were deliberately indifferent to his well-being and that the defendant used excessive force and demonstrated improper training during his July 1, 2017, arrest at the "back waters of Little Sandy Creek, Bruceton Mills, WV." Compl., ECF No. 1. On June 2, 2020, all Defendants moved to dismiss Plaintiff's Complaint in its entirety with respect to Defendants Preston County Sheriff's Department, Sheriff Daniel Loughrie, Officer Okan – K-9 Dog, and in part as to Deputy Randy Stockett. [ECF Nos. 33, 34]. On June 23, 2020, Plaintiff filed a response in opposition to the defendants' motion to dismiss. [ECF No. 39].

**STOUT v. PRESTON CO. SHERIFF'S DEPT., et al.**                          **1:19-CV-123**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 46]
AND OVERRULING OBJECTION [ECF NO. 48]**

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On January 14, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 46], recommending that the Court grant Defendants' motion to dismiss [ECF No. 33] and that Plaintiff's Complaint be dismissed with prejudice for the failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

The R&R also informed the parties of their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 46]. Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned the parties that the "[f]ailure to file written objections . . . shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on January 19, 2021. [ECF No. 47]. Plaintiff filed objections to the R&R on February 3, 2021. [ECF No. 48].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to

only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

The Court finds that Plaintiff's objections are conclusory, restate and clarify the allegations of his Complaint, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the allegations lodged in the Complaint of excessive force, improper training, and deliberate indifference. Because Plaintiff's objections are insufficient, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court

**STOUT v. PRESTON CO. SHERIFF'S DEPT., et al.**                    1:19-CV-123

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 46]
AND OVERRULING OBJECTION [ECF NO. 48]**

**ADOPTS** the R&R [ECF No. 46]. The Motion to Dismiss is **GRANTED** [ECF No. 33] and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii). Plaintiff's pending "Rule 16 Motion to Present Discovery Evidence" [ECF No. 45] is **DENIED** as moot.

The Court **DIRECTS** the Clerk to enter judgment in favor of these Defendants as it relates to the remaining claims.

The Court **ORDERS** that this action be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** March 31, 2021

                                        /s/ Thomas S. Kleeh
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE